UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

------------------------------------------------------x
COREY BAKER,                                        :
an individual,                                      :    CASE NO.:
                                                    :
         Plaintiff,                                 :
                                                    :    Judge:
vs.                                                 :
                                                    :
                                                    :    Magistrate:
                                                    :
THE GROUND PAT'I, INC. and                          :
SIDNEY M. DELANEY, L.L.C.,                          :
                                                    :
         Defendants                                 :
------------------------------------------------------x

## COMPLAINT

"I now lift my pen to sign this Americans with Disabilities Act and say: Let the shameful wall of exclusion finally come tumbling down. God bless you all."

- President George H. W. Bush, July 26, 1990

Plaintiff, COREY BAKER, by and through his undersigned counsel, hereby files this Complaint and sues THE GROUND PAT'I, INC. and SIDNEY M. DELANEY, L.L.C. (hereinafter collectively referred to as "DEFENDANTS"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.  Plaintiff, COREY BAKER (hereinafter referred to as "MR. BAKER"), is a person of the

1

age of majority and a citizen of the State of Louisiana.

4. MR. BAKER maintains residences in Jefferson Parish, at 1611 ½ Pratt Street, Gretna, LA 70053, and in East Baton Rouge Parish, at 8134 Harry Drive, Baton Rouge, LA 70806.

5. MR. BAKER'S Gretna residence is located less than one-half (0.5) mile from the Property which is the subject of this action.

6. MR. BAKER is a qualified individual with a disability under the ADA. MR. BAKER is diagnosed with T-11/12 paraplegia and uses a wheelchair for his primary means of mobility.

7. Due to his disability, MR. BAKER is substantially impaired in several major life activities and requires a wheelchair to ambulate.

8. Upon information and belief, THE GROUND PAT'I INC. (hereinafter "GROUND PAT'I") is a corporation organized in the State of Louisiana and doing business in Jefferson Parish.

9. Upon information and belief, GROUND PAT'I is domiciled at 130 Rue Beauregard, Suite D, Lafayette, LA 70508.

10. Upon information and belief, GROUND PAT'I operates five restaurant establishments located throughout southern Louisiana, including the Ground Pat'i Grille & Bar located at 11 Westbank Expressway, Gretna, LA 70053, which is the subject of this action.

11. Upon information and belief, SIDNEY M. DELANEY, L.L.C. (hereinafter "DELANEY") is a limited liability company organized in the State of Louisiana and doing business in Jefferson Parish.

12. Upon information and belief, DELANEY is domiciled at 700 Mariners Plaza Drive, Suite

705A, Mandeville, LA 70448.

13. Upon information and belief, DELANEY is the owner and lessor of the real properties and improvements which is the subject of this action, to wit: the Ground Pat'i Grille & Bar, located at 11 Westbank Expressway, Gretna, LA 70053 (hereinafter referred to as "the Property").

14. Upon information and belief, GROUND PAT'I is the lessee of the Property.

15. DEFENDANTS are obligated to comply with the ADA.

16. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Jefferson Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

17. MR. BAKER realleges and reavers Paragraphs 1 - 16 as if they were expressly restated herein.

18. The Property is a place of public accommodation, subject to the ADA, generally located at: 11 Westbank Expressway, Gretna, LA 70053.

19. MR. BAKER has visited the Property in the past and desires to visit the Property again in the near future. MR. BAKER maintains a residence less than one-half (0.5) mile away from the Property.

20. Upon information and belief, MR. BAKER last visited the Property to patronize the Ground Pat'i Grille & Bar on July 8, 2016.

21. During his visits to the Property, MR. BAKER has experienced serious difficulty accessing the goods and utilizing the services offered at the Property due to the architectural barriers

discussed in Paragraph 26.

22. MR. BAKER continues to desire to visit the Property, but fears that he will continue to experience serious difficulty due to the barriers discussed in Paragraph 26, which still exist.

23. The barriers discussed below in Paragraph 26 are excluding MR. BAKER from the programs and activities offered the Property.

24. MR. BAKER plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

25. MR. BAKER presently fears that he will encounter the mobility-related barriers which exist at the Property when he returns to the Property in the near future.

26. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and the Property is not accessible due to, but not limited to, the following barriers, which presently exist at the Property:

    I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DELANEY:

        A. There is a complete absence of accessible-designated parking at the Property;

        B. Other current mobility-related barriers and violations of the Americans with Disabilities Act to be identified after a complete inspection of the Property.

    II. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF GROUND PAT'I:

        C. There is no disabled seating in the dining room of the Ground Pat'i Grille & Bar;

  D. The door to the restroom at the Property is impermissibly narrow;

  E. There is insufficient clearance space between the pull side of the restroom door and the adjoining wall;

  F. Other current mobility-related barriers and violations of the Americans with Disabilities Act to be identified after a complete inspection of the Property.

27. MR. BAKER continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 26 are removed.

28. MR. BAKER intends to and will visit the Property to utilize the goods and services in the future, but fears that DEFENDANTs will continue to discriminate against him by failing to modify the barriers at the Property.

29. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

30. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

31. Upon information and belief, removal of the barriers to access located on the Property would provide MR. BAKER with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

32. Upon information and belief, DEFENDANTS have failed to adopt any alternatives to barrier removal which would provide MR. BAKER with access to the accommodations

which are offered for public use at the Property.

33. Independent of his intent to return as a patron to the Property, MR. BAKER additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

34. MR. BAKER has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from DEFENDANTS pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. BAKER demands judgment against DEFENDANTS and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANTS is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. BAKER; and

D. That this Court award such other and further relief as it deems necessary, just and proper.

        Respectfully Submitted,

        THE BIZER LAW FIRM
        Attorneys for Plaintiff
        Andrew D. Bizer (LA # 30396)
        andrew@bizerlaw.com
        Garret S. DeReus (LA # 35105)
        gdereus@bizerlaw.com
        Marc P. Florman
        mflorman@bizerlaw.com (LA # 35128)
        3319 St. Claude Ave.
        New Orleans, LA 70117
        T: 504-619-9999; F: 504-948-9996

By:/s/ Marc P. Florman
    Marc P. Florman